IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2298-BO

| | |
|---|---|
| MAURICE DEVON JERKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DENNIS DANIELS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state inmate, filed this habeas petition pursuant to 28 U.S.C. § 2241. In a order filed April 22, 2013, the court dismissed this matter on initial review. D.E. 9. Petitioner now seeks reconsideration of that order. D.E. 11.

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quotation omitted); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Jerkins has not cited any recent change in the controlling law, any newly discovered

evidence, or any clear error that merits alteration of or amendment to the judgment. Specifically, Jerkins asserts that a paper must not be refused to be filed solely because it is not on the proper forms. D.E. 11. As noted by this court's order, the matter was not dismissed on that basis. In fact, the court provided the proper forms for petitioner, and petitioner filed them out, and filed them with the court. Id. Secondly, Jerkins takes issue with the court's discussion of deportation. Again, the matter was not dismissed only because "[i]f Jerkins" was seeking "to commence deportation proceedings, this court lacks jurisdiction," but on the basis of multiple legal findings. The discussion of deportation was in an abundance of caution and because this petition is similar to several other petitions deriving from Maury Correctional Institution in which deportation may or may not be one of the issues asserted. Id., n. 1. All other asserted issues were likewise discussed and dismissed.

Alternatively, to the extent that Jerkins seeks relief under Federal Rule of Civil Procedure 60(b), his motion also fails. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice from setting aside the judgment. See Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds

for relief under Rule 60(b)." Gray, 1 F.3d at 266. Jerkins has failed to establish a meritorious claim or defense. Thus, Jerkins fails to meet Rule 60(b)'s threshold requirements.

In sum, the court DENIES Jerkins' motion [D.E. 11] and again DENIES a certificate of appealability. See 28 U.S.C. § 2253(c).

SO ORDERED, this the 22 day of October 2013.

TERRENCE W. BOYLE
United States District Judge

3